Burke, J.
(concurring in part). I concur except with regard to the denial of the existence of any present power in the courts, upon the pleadings and proof in this case, to undertake to define the optimum high and low levels of Lake George for the protection of the riparian owners against whom a prescriptive right has been acquired by the defendant System. Without the exercise of a protective judicial power, the private operator of the dam will be the law as to the water levels until such time as legislation is enacted with respect to the regulation and control of the levels of the waters of Lake George by the State. The failure of the Legislature to choose a permanent solution does not strip the court of its constitutional and traditional jurisdiction to afford judicial protection to private rights as well as public rights (Montezuma Canal Co. v. Smithville Canal Co., 218 U. S. 371). The findings of the trial court that the proper or optimum range of water levels is between a maximum of 4 feet and a minimum of 2.5 feet on a Rogers Rock Gauge is fully sustained by the evidence. In the absence of appropriate legislation, the preservation of the status quo and the stabilization of the water levels are called for as a limitation upon the prescriptive rights found to have been acquired by the defendant System against the riparian owners.
Conway, Ch. J., Dye, Fuld and Froessel, JJ., concur with Desmond, J.; Van Voorhis and Burke, JJ., concur, in part, in separate memoranda.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed.